## LUDWIG H. KELLER AND OTHERS, APPELLANTS, *v.* ABRAHAM STRASBURGER, RESPONDENT.

*Sale of goods on a credit — insolvency of the debtor is not a waiver of the credit — when the plaintiff in order to recover must establish fraud on the part of the defendant — charge of the court as to.*

In this action, brought to recover the price of goods sold and delivered to the defendant, the defense was that they were sold upon a credit which had not expired at the time when the action was commenced. To this the plaintiffs replied, that the sale was procured by fraud and that the credit had been waived. The only evidence of waiver was the avowed insolvency of the defendant within the time for which the credit was given, followed by a notice to the plaintiffs of his inability to pay the debt.

*Held,* that this did not amount to a waiver of the credit.

The court, in charging the jury, called their attention to the fact that an execution against the person of the defendant could be issued upon a judgment entered upon a verdict in favor of the plaintiffs.

*Held,* no error; that it only served to impress upon the jury the fact that it was essential to the plaintiffs' right to recover, to establish fraud on the part of the defendant.

The court charged that "if the defendant bought the goods in good faith, supposing he would be able to pay for them when the credit expired, even if he knew he could not pay all his debts at that time, but would be able to work his way out," the plaintiffs could not recover.

*Held,* no error.

APPEAL from a judgment in favor of the defendant, entered on the verdict of a jury.

*A. G. Vanderpoel,* for the appellants.

*Morris Goodheart,* for the respondent.

BARRETT, J. :

This action was for goods sold and delivered. The defense was that the goods were sold upon a credit of four months, which credit had not expired when the action was commenced. This was conceded by the plaintiffs, who replied that there was fraud in the purchase and also a waiver of the credit. The only evidence in support of the latter position was the defendant's avowed insolvency within the four months, followed by notice to the creditors of his inability to pay their claims. But this was not a waiver of the credit. The defendant's financial condition had nothing to do with his obligation. The contract was not rescinded nor varied by his inability to respond. It remained unchanged and in full force. There is no such doctrine as that in substance contended for, namely, that all debts payable *in futuro* become payable *in presenti* whenever the debtor acknowledges that he has no means, and will be unable to satisfy them. The court was right in refusing to direct a verdict for the plaintiffs upon this ground. The question of fraud was fairly submitted to the jury, and they have found for the defendant.

The exceptions to the charge are untenable. There was no impropriety in calling the attention of the jury to the fact that an execution against the person could follow a verdict for the plaintiff.

That was perhaps the only way in which they could be made to realize the precise nature of the question upon which they were to pass. It is not always easy for a jury to give logical effect to the evidence in this class of cases.

Their verdict is apt to be more or less influenced by the seeming hardship of deciding in favor of a defendant, who, beyond all question, has had and enjoyed the plaintiffs' goods without paying for them. The difference between actions *ex contractu* and actions *ex delicto*, cannot, therefore, be too clearly pointed out to them nor too forcibly illustrated.

In the case at bar the plaintiffs chose to bring their action before the credit had expired. But of course this credit *had* expired long before the trial, so that the practical question before the jury was, whether the plaintiffs should, after losing their goods, be mulcted in a bill of costs and commence all over again. The question then was whether the action was prematurely brought, and this depended upon whether the plaintiffs were justified in rescinding the contract because of the defendant's fraud. Experience teaches us that, under such circumstances, the tendency of a jury is to ignore legal justice and to do just about what they think right. We know no better way of keeping them in the true path than to impress upon their minds the difference between the consequences attaching to a verdict for the price of the goods under the terms of the contract and a verdict based upon its recision for fraud. There is no doubt that an execution against the person *could have been issued* in case the verdict had been the other way. The plaintiffs' counsel in excepting to the charge referred to an order of arrest as " having been issued " in the action, but whether this was so or not, one could certainly have been issued upon the verdict. In either case an execution against the person would follow under section 1487, sub. 2 of the Code of Civil Procedure.

With the charge that the plaintiffs could not recover " if the defendant bought the goods in good faith supposing he would be able to pay for them when the credit expired, even if he knew he could not pay all his debts at that time, but would be able to work his way out," we have no fault to find. It was in substantial accordance with well settled rules. (*Nichols* v. *Pinner*, 18 N. Y., 295; *Anonymous*, 67 id., 598; *Roebling* v. *Duncan*, 8 Hun, 502; *John-*

son v. *Monell*, 2 Keyes, 655 ; *Chaffee* v. *Fort*, 2 Lans., 81.) Nor was there any error in refusing to charge " that an intent to defraud existed, is not to be rejected by the positive denial of the defendant."

What was meant by this obscurely worded proposition is not entirely clear. With that observation we might rest. But construing the request as counsel would now have us, we think it was properly refused for the reason that it was within the province of the jury to give such effect to the defendant's testimony as they thought proper. Then, too, the court had charged sufficiently upon the subject, and the tendency of the request was simply to confuse.

The judgment should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.